IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald E. Griffin, Jr., | ) | C/A No. 0:17-2852-DCC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alice Masico, and Aaron Joyner | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Donald E. Griffin, Jr., a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for leave to file an amended complaint, for an extension of time to file an amended complaint, and for appointment of counsel. (ECF Nos. 61, 69, & 67.)

The defendants filed a motion for summary judgment on June 20, 2018, and Griffin responded on July 16, 2018 by filing a response in opposition as well as a motion for leave to file an amended complaint. Specifically, Griffin seeks to add a new defendant—Maria Leggins, the Executive Assistant to the Director. (ECF No. 61 at 1-2.) The defendants opposed Griffin's motion, arguing that his motion was untimely pursuant to the scheduling order in this case which set May 7, 2018 as the deadline to amend pleadings. Presumably in response to the defendants' filing, Griffin filed a motion seeking an extension of time in which to file an amended complaint. (ECF No. 69.) Griffin subsequently filed a proposed amended complaint. (ECF No. 74.)

The defendants argue, and the court agrees, that Griffin has not shown good cause to extend the expired deadline. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must

be satisfied to justify leave to amend the pleadings."). Furthermore, the court finds that justice does not require the proposed amendment under Rule 15(a)(2), as it appears from the allegations in the proposed amended complaint that the defendant Griffin seeks to add did not take any part in the constitutional deprivations alleged by Griffin, but rather simply notified Griffin that his written Request to Staff was being rejected because South Carolina Department of Corrections policy required Griffin to file it through the kiosk system. (See ECF No. 74 at 17.) Therefore, the proposed amendments to the complaint fail to state a plausible claim and are thus futile. See Foman v. Davis, 371 U.S. 178 (1962). Accordingly, Griffin's motion to amend and motion for an extension of time are denied. Additionally, Griffin's motion for appointment of counsel (EF No. 67) is denied for the reasons stated in the court's previous order (ECF No. 40).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 1, 2018
Columbia, South Carolina