IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Donald E. Griffin, Jr., | ) | Case No. 0:17-cv-02852-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alice Masico and Aaron Joyner, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint and Supplement alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 62. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On June 20, 2018, Defendants filed a Motion for Summary Judgment. ECF No. 57. Plaintiff filed a Response in Opposition. ECF No. 60. On October 29, 2018, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. ECF No. 82. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 84, 86.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff's claims that Defendants violated his right to free association and his right to marry. The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment. Plaintiff objects to the Magistrate Judge's Report.

Plaintiff objects to the Magistrate Judge's recommendation as to his claim that Defendants violated his right to free association. He contends that by denying his fiancée's request for visiting privileges, they have violated his constitutional rights. Briefly summarized, he asserts that the denial was arbitrary and capricious, that Defendants did not investigate whether his fiancée was a security threat, and that the denial did not comport with agency policy. The Court disagrees.

It is well established that an inmate has no absolute right to prison visitation privileges. *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence and therefore is not independently protected by the Due Process Clause."); *see also Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (stating

"freedom of association is among the rights least compatible with incarceration" and "some curtailment of that freedom must be expected in the prison context," and stating further that regulations promoting internal security are among the "most legitimate penological goals" under Turner); *Williams v. Ozmint*, 716 F.3d 801, 805–07 (4th Cir. 2013) (emphasizing security concerns as a legitimate reason to curtail visitation privileges in prisons). Accordingly, Plaintiff's objections with respect to this claim are overruled.

Plaintiff next argues that Defendants violated his right to marry. The Magistrate Judge determined that he lacked standing to pursue this claim. In response, Plaintiff seems to contend that because they denied his fiancée's visitation request, it severely curtails their ability to either obtain a marriage license or to marry. He contends that in Richland County, South Carolina both parties must "personally appear before the County Clerk for interview and signature to obtain a marriage license." He asserts that he requested Defendants' help in getting married, and Defendants failed to respond to his request.

As discussed by the Magistrate Judge, inmates retain a constitutional right to marry. However, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate that he has been injured or that Defendants caused the injury. It does not appear that either Plaintiff or his fiancée informed Defendants that their denial of her visitation request would prevent their marriage. Plaintiff also fails to identify what action should have been taken to allow him to marry his fiancée or how approval of her request for visitation would allow them to marry. Accordingly, Plaintiff lacks standing to bring this claim.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court adopts the Report of the Magistrate Judge. Defendants' Motion for Summary Judgment [ECF No. 57] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 14, 2019
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.